UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CIVIL ACTION NO.
CV-20-04340

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ABRAHAM GROSS**        Plaintiff,

**ORDER TO SHOW CAUSE**

- against -

**THE CITY OF NEW YORK Et al.**

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Upon the affidavits of_____**ABRAHAM GROSS**_____, **submitted**

the _____ day of_____, **2020**, and upon the copy of the complaint hereto annexed, it is

ORDERED, that the above named defendant show cause before a motion term of

this Court, at Room_____, United States Courthouse, 500 Pearl Street, in the City, County and

State of New York, on_____ ___, _____, at_____ o'clock in the_____noon

thereof, or as soon thereafter as counsel may be heard, why an order should not be issued

pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the defendant during the

pendency of this action from_____ .

_____

_____

.

ORDERED that, sufficient reason having been shown therefor, pending the

hearing of plaintiff's application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P.,

the defendant is temporarily restrained and enjoined from_____

_____

_____

_____

_____; and it is further

        ORDERED that security in the amount of $_____ be posted by the

plaintiff prior to _____ ___, _____, at_____ o'clock in the____noon of that

day; and it is further

        ORDERED that personal service of a copy of this order and annexed affidavit

upon the defendant or his counsel on or before_____ o'clock in the____noon,_____

_____ ___, _____, shall be deemed good and sufficient service thereof.

DATED:  New York, New York

ISSUED: _____M

              _____
                   United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
ABRAHAM GROSS,

        Plaintiff,

                                    **CIVIL ACTION NO.**
                                    **20-CV-4340 (GBD/SN)**

                -against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT, LOUISE CARROLL,
ANNA-MARIE HENDRICKSON, MARAGERET BROWN, BABBA HALM,
VICTOR HERNANDEZ, SHATARA PELL, EDWIN LUGO, NIDIA DORMI,
GABRIEL MOMBRUN, HAROLD WEINBERG, NICK LUNDGREN,
SAMANTHA SCHONFELD, JAMES E. JOHNSON, HELEN ROSENTHAL,
BREAKING GROUND, JEANNE-MARIE WILLIAMS, BRENDA ROSEN,
TERRESA PALMIERI, VANESSA CUCURULO, STEPHANIE LABARTA and
TRAVIS FONG.
                      Defendants.
_____x


# PLAINTIFF'S ORDER TO SHOW CAUSE FOR AN EMERGENCY CONFERENCE AND FOR DECLARATORY JUDGEMENT TO PROTECT THE INTEGRITY OF THESE PROCEEDINGS


Abraham Gross
Pro Se Plaintiff
40 W 77 #10C
NY, NY 10024
917 673 1848
agross2@gmail.com

11

## JUDICIAL INTERVENTION IS WARRANTED TO PREVENT FURTHER DESTRUCTION OF EVIDENCE

1. For the past 522 days, a vile injustice continues to claim sweeping victories over lawful procedure, human decency, and the interests of justice.

2. As Plaintiff continues to suffer unspeakable harm, more than a year after qualifying for an single affordable housing apartment for the first time in ten years, Defendants casually refuse to show an iota of decency, instead focusing their efforts on destroying and/or altering incriminating evidence, pursuant to Plaintiff's protests.

3. As Plaintiff continues to endure inexpressible suffering, a flurry of ineligible residents continue to embezzle from the public affordable properties in Waterline Square and in virtually every other affordable property managed by Defendants.

4. In the most recent discovery of fraud, embezzlement, and corruption, Defendant HPD and their *Oversight and Integrity Unit* awarded thirteen (13) affordable apartments to Lovely Meah and Nadir Ahmed in the Park Chester affordable housing complex. The law limits such apartments to one per person. City payroll records show Lovely T Meah listed as a *F/T School Lunch Helper,* with an annual salary of $16,770 in 2018. Between 2005–2017, Lovely T Meah/Lovely Meah managed to acquire six affordable housing properties in the aforementioned Park Chester complex: #3B, #7D, #10F, #11F, #3C, #7E.

5. Aside from the explicit laws barring an individual from owning multiple affordable Properties, these purchases are an impossible feat for a city employee with an annual salary of $16,770.

6. Not only didn't Defendant HPD stop this, records prove it was an active participant in the scam: the same Nadir Ahmed with seven Park Chester apartments is the party who purchased an affordable property adjacent to HPD headquarters from Director of Affordable Housing at HPD, Victor Hernandez.

7. The Department of Investigations has already substantiated Plaintiff's claim that Mr. Henrandez- the Director, Mr. Mombrun, the project manager at Waterline Square who were both active in rejecting Plaintiff's application- jointly embezzled at least five other lottery affordable apartments.

8. Respectfully, Your Honor, please try to imagine what it feels like for Plaintiff, after 522 days of indescribable torment to learn that Lovely Meah and Nadir Ahmed were awarded thirteen affordable apartments, and the Director of Affordable Housing, as well as the project manager at Waterline Square embezzled five apartments.



9.

### Key Data

| | |
|---|---|
| Year | 2018 |
| Full Name | Lovely Meah T |
| Job Title | F/T School Lunch Helper |
| **Get F/T School Lunch Helper Salary Statistics ›** | |
| State | New York |
| Employer | Dept Of Ed Hrly Support Staff |
| Annual Wage | $16,770 |
| Monthly Wage | $1,398 |

With an annual salary of $16,770 Lovely Meah acquired six (6) affordable apartments.







The Director of HPD Affordable Housing, Victor Hernandez, has won more lotteries than anyone in NYC. All three of these properties are HPD affordable housing properties under Hernandez's control.

| PROPERTY DATA | | | | |
|---|---|---|---|---|
| **Borough** | **Block** | **Lot** | **Unit** | **Address** |
| BROOKLYN | 2004 | 1003   Entire Lot | 3 | 212 SOUTH OXFORD STREET |
| **Property Type:** | SINGLE RESIDENTIAL COOP UNIT | | | |

**CROSS REFERENCE DATA**

CRFN _____ *or* Document ID _____ *or* _____ Year ____ Reel ____ Page ____ *or* File Number _____

**PARTIES**

**GRANTOR/SELLER:**
NYC PARTNERSHIP HOUSING DEVELOPMENT
FUND CO, INC.
450 SEVENTH AVENUE, SUITE 2401
NEW YORK, NY 10123

**GRANTEE/BUYER:**
GABRIEL MOMBRUN
212 SOUTH OXFORD STREET, UNIT 5F
BROOKLYN, NY 11217

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 1,102.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFIC** | | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | | |
| NYCTA: | $ | 0.00 | Recorded/Filed        10-18-2011 12:57 | | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | | |
| TOTAL: | $ | 0.00 | **2011000367869** | | |

Mr. Mombrun's first acquisition was a subsidized apartment in 2011, at South Oxford Street, for a below-market price of $275,458. According to public records, this project was developed with public and private funding and it is subject to regulatory agreements with HPD.

**From:** Pell, Shatara (HPD) <PellS@hpd.nyc.gov>
**Sent:** Monday, July 8, 2019 11:05:20 AM
**To:** Teresa Palmieri; Dormi, Nidia (HPD); Vanessa Cucurullo; Stephanie Labarta; Sasha Williams; Jon Lee
**Cc:** Mombrun, Gabriel (HPD); Morgan, Monica (HPD); Hernandez, Victor (HPD); Lugo, Edwin (HPD)
**Subject:** RE: ▓▓▓▓▓▓▓  waterline Square| Log ▓▓▓

Hi Teresa,

This file is out of order with skewed documents. The way this file was sent is completely tossed around and unprofessional and it needs to be resent in a decent order. I'm really confused, does Breaking Ground review the files they send to us?

Thank You,

**Shatara Pell | Deputy Director | Marketing and Affordability Oversight Program**
NYC Department of Housing Preservation & Development
212-863-6211

18





Six years later, in 2017, Mr. Mombrun matriculates into transferring to himself, free of charge, an HPD affordable housing apartment designated for the public: apartment 12M in the HUB- a luxury, affordable housing project in Brooklyn (at the its inception in 2017, it was the tallest residential building in Brooklyn).

10. At the very least, Defendants conduct amounts to public official's inhuman indifference to suffering during the pandemic, despite the existence of viable solutions. The more sinister truth is that Defendants are being given the freedom to protect their lucrative, criminal enterprise ("the Scam") which continues to aggrieve millions of unlawfully-rejected, low-income affordable housing applicants, despite the courts being presented with clear and convincing evidence.

11. Respectfully, how can the judicial conscience sitting under ***In God We Trust*** continue endorsing this sickening indifference to human suffering during a global pandemic, when by clear and convincing evidence Defendants award 13 apartments to Lovely Meah and Nadir Ahmed? Respectfully, is there no limit as to how cruel and cynical this breach of human decency and public integrity will be, before an Hon court of law finally intervenes after 522 days of unspeakable torment?

12. In recent years, credible whistle-blowers within HPD's affordable housing division have come before the Honorable Southern District Court ("Honorable Court") and provided specific details and supporting evidence revealing Defendants atrocities as they relate to affordable housing.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

RICARTE ECHEVARRIA,

                                                    Plaintiff,

                    -against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION
AND   DEVELOPMENT;   and   ANNE-MARIE
HENDRICKSON, in her official and individual
capacity,

                                                    Defendants.

------------------------------------------------------------------ x

**STIPULATION
OF DISMISSAL
WITH PREJUDICE**

17 Civ. 6073 (AT)

    **IT IS HEREBY STIPULATED AND AGREED** by and between the parties as represented by their attorneys below, that, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the above-captioned action be, and it hereby is, withdrawn, discontinued, and dismissed, with prejudice and without costs, expenses or fees of any kind to any party.

Dated:   Park Ridge, New Jersey
         February 15, 2018

Dated:   New York, New York
         February 15, 2018

21.    Specifically, in January 2016, Defendant Hendrickson—Deputy Commissioner of the Office of Asset and Property Management and Plaintiff's supervisor—sent Plaintiff an email directing him to grant an apartment in one of the buildings he managed for Mr. Brown.

22.    At all times relevant to this Complaint, Mr. Brown was an individual who was a resident of another state and a relative of an employee in the NYC Law Department.

23.    As Mr. Brown was a resident of another state, providing Mr. Brown with one of the low-income apartments violated relevant laws and regulations.

24.    Upon information and belief, Mr. Brown was not selected or approved by any Tenant Association.

25.    Plaintiff met with Vivian Louie—Assistant Commissioner of the HPD—in her office, and complained that giving Mr. Brown an apartment was unlawful because Mr. Brown did not meet any criteria or administrative purpose for receiving such an apartment.

26.    Ms. Louie responded that she "hated when [Defendant Hendrickson] does stuff like this."



Case 1:18-cv-01626-ER   Document 46   Filed 01/14/19   Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KARINA RODRIGUEZ,

                      Plaintiff,

        - against -

THE CITY OF NEW YORK, ANNE-MARIE
HENDRICKSON, ERIC ENDERLIN, VICTOR
HERNANDEZ, SHATARA PELL, MARGARET
BROWN, LISA TALMA, and JOHN and JANE DOES 1-5
(said names being fictitious, the persons intended being
those who aided and abetted the unlawful conduct of the
named Defendants),

                      Defendants.
------------------------------------------------------------------X

**STIPULATION OF VOLUNTARY DISMISSAL**

18 Civ. 1626 (ER)

     IT IS HEREBY STIPULATED AND AGREED, by and between the parties as represented below, as follows:

     1.  Pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(A)(ii), all of Plaintiff's claims in the above-referenced action, are hereby dismissed, with prejudice, and that an order to that effect may be entered without further notice.

Dated:  New York, New York
        December 14, 2018

MADUEGBUNA COOPER, LLP
Attorneys for Plaintiff
30 Wall Street – 8th Floor
New York, New York 10005
Tel: (212) 232-0155

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street

13. The Defendants rushed to settle these cases prior to the discovery. It is noted that Defendants continue refusing to comply with the FOIL request asking to see these settlements[1].

14. The plain meaning of the HPD whistle-blowers sworn affidavits is horrific. A corrupt, greedy network of high-ranking public housing officials are using their access to public property as a lucrative criminal get-rich Scam that features embezzlement, fraud, corruption, and racial discrimination.

15. As a direct result of these crimes, eligible low-income applicants are deprived of affordable housing.

16. Most certainly, an Honorable court of law must never be used as a powerful corruption rubber stamping department, that abuses the extraordinary powers society has given to judges - ostensibly honorable souls who are held to a higher ethical standard- to ratify, support, and protect the Scam at all costs.

---

[1] The precedent established early on in related State-Proceedings is that Defendants are above-the-law. The FOIL was one of many laws that Defendants were entitled to ignore.

17. Respectfully, not only are these affidavits coming from a credible source from the inside- they substantiate the heart and soul of Plaintiff's allegations, expose the corruption for what it is, and are entirely consistent with the tsunami of incriminating evidence uploaded to NYSCEF.

18. For an Honorable court of law to adopt a laissez faire approach to such a pervasive breach of public trust that is resulting in unconscionable pain, suffering, and harm is comparable to tossing every sacred about the U.S. constitution into a blaze of fire.

19. Every day, new incriminating evidence emerges that further substantiates the veracity of Plaintiff's allegations.

20. This evidence also further substantiates the sworn affidavits of recent HPD whistle-blowers, who described under oath to this Honorable Court Defendants sickening culture of corruption, fraud, embezzlement, bribery, and perjury.

21. Moreover, the essence of the incriminating evidence was submitted and substantiated by law enforcement.

22. Nonetheless, Plaintiff is forced to observe in horror as law enforcement acknowledges the criminal actions, but at the same time- refuses to intervene.

23. For whatever it is worth , 2021 is an election year in NYC. And for public officials with criminal tendencies this means it is time to up the ante of egregiousness. An Honorable Court of law cannot accept this.

24. This reaction from law enforcement- acknowledgment of criminality coupled by an coordinated attempt to downplay the significance of these heinous crimes - is great news for Defendants.

25. This is exactly the news they were given in prior State proceedings at every turn: aggrieve whoever you desire, grant apartments to whoever you desire, skip the log book, refuse to show the log book, discriminate as much you like against non-Hispanic applicants, violate court orders, render the law hollow, disregard statutory provisions- whatever you do, the court will find ways to protect your crimes.

26. Pursuant to this endorsement, it is crystal clear that Defendants are increasingly empowered by the belief their criminal enterprise will continue enjoying the protection of the courts- no matter how egregious or inhuman it is proven by objective evidence.

27. Most notable in the category of new incriminating evidence are Defendants consistent attempts to modify and/or delete incriminating evidence, sent by Plaintiff to opposing counsel, with express request that Defendants should not move to destroy further evidence.

28. While Plaintiff has suffered indescribably for 522 days, the Defendants cynically awarded countless affordable apartments to a flurry of unqualified candidates.

29. Whenever Plaintiff submits a new name of such a resident, Defendants simply move to delete and/or modify incriminating data from public records, alternatively, they ask this resident to leave Waterline Square to one of his other affordable housing lottery apartments. This happened with every single resident that Plaintiff protested.

30. As it happens, all of these unlawful lottery winners had Hispanic last names, further substantiating Plaintiff's racial discirmiantion allegations, as well as

the sworn affidavit of a whistle-blower, who swore HPD's policy is to discriminate against all non-Hispanic applicants.

31. Respectfully, the Defendants who have proven their ability to change incriminating records should not be given the autonomy to continue destroying material evidence. Plaintiff respectfully seeks to argue in favor of a court order that will prevent Defendants and/or any current resident in Waterline Square from deleting/modifying incriminating housing information without written prior notice to the Hon. Court.

**THE COURT SHOULD REJECT DEFENDANT HPD'S IMMINENT REQUEST FOR A 60 DAY EXTENSION TO ANSWER THE COMPLAINT**



Helen Rosenthal was bribed with luxury affordable housing to drop her inquiry

32. To clarify, the complete version of the complaint was sent via email to opposing counsels, on June 19, 2020. Counsel for Defendant HPD stated that she would accept email service on June 23, 2020.

33. Respectfully, what Defendant Rosenthal did is, respectfully, despicable.

34. Defendant Rosenthal must not be given more time to conjure up some excuse for her actions, rather, the interests of public integrity call for her to explain why she: (a) first acknowledged that she was aware of Defendants problematic track record of arbitrarily rejecting qualified candidates (b) promised to request the Defendants explain their conclusory numbers inconsistent with the record (c) was a no-show to a scheduled appointment (d) refused to follow up and didn't respond to messages, eventually instructing her Chief of Staff to tell Plaintiff that the best thing would be to go into a shelter (e) refused to explain why she backed out of her commitment to obtain a more detailed explanation from Defendants (f) at the very same time, moved into an off-the-market apartment in the adjacent complex to Waterline Square- the Ashley # 2404, operated by Defendant Breaking Ground, owned by the same developer, and without signing a lease or rental agreement (g) showed extraordinary inhuman indifference to Plaintiff when he begged her for help, standing outside her office as the pandemic erupted, and while she knew very well dozens of apartments were still vacant (h) in immediate response to Plaintiff's protesting in his complaint this sickening sequence of events, Ms. Rosenthal promptly moved out of apartment 2404, and invested considerable time and effort to modify further housing records which showed more housing violations.

35. These allegations demand an honest response, rather than evasive
maneuvers to buy more time.

## THE AFFORDABLE HOUSING LOTTERY PROCESS IS A SICKENING SCAM THAT MUST BE REMEDIED RATHER THAN ENDORSED BY A COURT OF LAW

36. It is sad to allow for the Defendants to continue with their cynical false
portrayal of the affordable housing application process ("the Process") as a
fair Process that is in compliance with law.

37. This is a vicious lie that was exposed by multiple whistle-blowers in prior
proceedings.

38. It is a mockery of justice and of well-established precedent for this
Honorable Court to pretend that the factual findings of these litigations bear
no relevance to the case at bar.

39. Worse yet, the immediate effect of the Hon Court's adoption of this vicious
lie enables Defendants criminal enterprise to blossom. If the courts are
indifferent to substantiated evidence of fraud, embezzlement, bribery,
corruption, and perjury- who are they to judge?

40. Rather, the harrowing truth of the culture of corruption rampant in
Defendants offices- a culture which also destroys lives of well-deserving
applicants should inspire the appropriate response from the designated forum
to redress the injustice inflicted by public agencies.

# MANHATTAN CONTRARIAN

BLOG  /  ARTICLES  /  ARCHIVE  /  ABOUT  /  CONTACT

## How Corrupt Is The New York "Affordable Housing" Game?

May 24, 2019  /  Francis Menton

In New York City we have a dizzying array of taxpayer-subsidized "affordable housing" schemes:  low income public housing; mixed income public housing; "limited equity" co-ops; the so-called "Mitchell-Lama" program; 80/20 and 70/30 "inclusionary zoning" requirements; and plenty more.  Something around 1 million people live in one type or another of these subsidized projects.  That would be about 1 person out of eight in the City.

🔍 Search

### Subscribe

Sign up with your email address to receive every new post from the Manhattan Contrarian in your inbox.

Email Address

How pervasive was the corruption?  The indictment announced on Tuesday involved bribes paid for some 18 apartments (in a complex of some 6000 units).  But DA Gonzalez had this to say:

*"We would have to be naive to think that these were the only apartments in Luna Park that were awarded through bribery," Gonzalez said. "In fact, we actually believe that this was the norm, not the exception."*

In a follow-up editorial on Wednesday, the Post quoted a resident as follows:

*"Well over half of the apartments here were gotten through bribes," one resident of the taxpayer-subsidized Luna Park complex tells The Post. "It's impossible to get an apartment here without bribing your way in."*

And this is just one of dozens of such projects all around the City, with apartments that go not to the highest bidder, but rather through some political allocation that is supposedly "fair" and "just."  From the Post's May 22 piece:

*[I]t's hardly cynical to suspect that insiders are pulling scams all across the city's vast and varied affordable-housing landscape.*

Pervasive corruption in such allocation is completely inevitable.  If we somehow get one set of totally honest gatekeepers at some project for some period of time, the next set of

Vote For Trump In 2020

A WEEK AGO

▣ Manhattan Contrarian - Economic, Political & Legal Commentary RSS

Recommended reading:

- Althouse
- American Thinker
- Carlin Economics
- City Journal
- Climate Audit
- Climate Depot
- Climate Etc.
- Climate Realists
- Climate Scepticism

# Brooklyn DA Gonzalez: 3 Arrested In Coney Island Affordable Housing Complex Bribery Scandal

May 21, 2019 at 6:18 pm

**Filed Under:** affordable housing, Coney Island news, Department of Housing Preservation and Development, Eric Gonzalez, Local TV, Luna Park, Marcia Kramer, New York, NYC Department of Investigation

FEEDBACK

NEW YORK

## NYC sued in affordable housing 'scam,' waiting lists ignored: lawsuit

## THE CORRUPTION OF STATE PROCEEDINGS IS INHERENT TO THIS FEDERAL LAWSUIT

41. From the onset of the related state proceedings ("State Proceedings") in the Supreme Court Part 56 ("the Court"), and in the Appellate Division First Department ("Appellate Division"), Plaintiff was introduced to an unnerving reality that should not be tolerated by any court of law: Plaintiff's constitutional rights for due process and for an impartial judiciary pervasively being rendered null by those sworn to protect the integrity of the judicial process.

42. This reality is proven by clear and convincing evidence- a limited selection of which is illustrated herein. All of Plaintiff's attempts to protest the sad mockery of fundamental fairness were laughed at, dismissed or simply ignored.

43. Critically, Defendants systemic corruption of State Proceedings is intrinsic to Plaintiff's federal lawsuit in case 20-CV-4340, as it goes to the heart of Plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. §§ 1961-1968 ("RICO").

44. Pursuant to RICO, Plaintiff will present the Court with clear and convincing evidence that the Defendants constitute an enterprise engaged, *inter alia,* in (a) pervasive embezzlement, bribery of public officials, mail fraud, wire fraud, obstruction of justice, alteration/falsification of official records, perjury, and racial discrimiantion; (b) that the alleged conduct constitutes a pattern of criminal conduct (c) involves both state and federal property (d) continues even as these words are written.

45. This evidence will include: (1) thousands of public records including unlawful transfer deeds (2) sworn affidavits from whistle-blowers with first-hand knowledge (3) incriminating email correspondence omitted from the administrative record (4) court records proving the culprits corrupted the legal process by pervasively steering cases to *favorable judges* (5) fraudulent deeds that feature the same person signing for the City of New York as the seller, and with their own name as the buyer (6) Defendants concerted efforts to conceal, modify, and delete incriminating evidence from official city databases.

## PLAINTIFF HAS ATTEMPTED TO HIRE COUNSEL IF ONLY TO OBTAIN THE ILLUSION OF FAIRNESS

46. To date, Plaintiff shared incriminating evidence with at least sixteen (16) other lawyers, hoping to find one who may represent him based on a contingency or pro bono.

47. The uniformed response from the legal profession was as disturbing as it could be imagined by a judicial conscience:

(a) Indeed, Mr. Gross, objectively, this evidence and the Court's record is demonstrative of a grave injustice; (b) objectively, the evidence confirms the affordable housing is tainted with the corruption that has been already been well-documented in the SDNY; (c) objectively, you have a legitimate claim and grievance, and in a better world, a court of law would in fact be the correct forum to remedy the injustice; (d) regretfully, in State Proceedings, you have no chance, as the Defendants have already proven their ability to corrupt the judicial process by steering trial and appellate proceedings to

favorable judges who (e) hold unbearable conflicts of interests as it relates to city agencies and/or powerful real-estate developers and/or as it relates to affordable housing; (f) refuse to recuse themselves despite their impartiality reasonably being called into question (g) refuse to apply the well-established precedent regarding an agency's ability to use shifting grounds for later determiantions; (h) ignore the well-established precedent pertaining to the consequences of an agency filing an incomplete administrative record pursuant to CPLR 7804; (i) disregard the well-established laws that require an issue of fact to be fully and fully litigated before collateral estoppel can take effect; (j) set aside the well-established precedent pertaining to judgements that were secured by intrinsic/extrinsic fraud; (k) ignore the well-established precedent pertaining to giving a litigant a reasonable chance to challenge an incomplete administrative record; (l) consistently deconstruct Plaintiff's material allegations to suit the court's own predetermined conclusion; (m) disregard and/or misconstrue exculpatory evidence that refutes the court's material conclusions; (n) apply gag orders to prevent further incriminating evidence being submitted; (o) intervene such that the Appellate proceedings are steered to the court's business partner and neighbor in the Appellate Division, the Hon. Justice Anil Singh; (p) simultaneously with this gag order being issued, both the court attorney, Mr. Goldberg, and the neighbor Appellate Justice (Hon. Justice Singh) move out of subsidized apartments they unlawfully-held for more than thirty-four (34) years, despite this action further casting a heavy shadow calling on the court's impartiality; (q) issuing without warning sanctions that deprive the Plaintiff of his constitutional right to file a motion to vacate pursuant to

evidence of fraud on the court; (r) continually affirm the Defendants contention that they are free to disregard any law, regulation, or provision as it relates to the affordable housing application process; (s) disregard the well-established precedent from the Court of Appeals that the Freedom of Information of Law ("FOIL") is not simply a joke, instead affirming Defendants right to ignore the FOIL as they deem fit; (t) protecting Defendants right to commit audacious perjury by the same party decision maker who verified Defendants answer and swore that she had no conversations with Plaintiff, whereas, Plaintiff producing proof of two such conversations that lasted over 25 minutes; (u) refused to follow court procedures as they pertain to related proceedings, before reluctantly being forced to transfer these proceedings to a proper, agency part (v) Mr. Gross, it is abundantly clear that your appeal will never be given a fair chance, as proven the Appellate Clerk's continued breach of impartiality, sabotage efforts, and especially the most recent act of sabotage (w) accordingly, Mr. Gross, your chance for a remedy from a State court of law in is hopeless. There will be no justice. We recognize the disturbing appearance of judicial impropriety is deplorable, as is  the judicial endorsement of administrative fraud; that said, there is nothing that can be done. This is how it has been for years. The system viciously fights back against anyone who dares ask that the judicial process not be tainted with external influence from the same people who elected the judges to begin with (x) As an aggrieved pro se litigant, your only prayer for a remedy is in federal court, where you may or may not find a judge who does not hold a conflict of interest related city agencies/affordable housing, who is willing to adjudicate based on the

evidence and the controlling precedent, and who is bothered by racial discrimiantion and embezzlement of public property; (y) for all these reasons, we are afraid and/or unequipped to take on this case (z) we validate and are truly sorry for what the aforesaid implies about the legal profession. Some of us actually feel ashamed. Others have tried to take remedial measures but were instantly shot down by the powers that control the courts. In short, we are helpless against pervasive corruption that allows powerful real-estate developers and public agencies to buy justice. We wish you the best of luck.

## **CONCLUSION**

48. An emergency conference is heavily warranted to address the aforesaid and other issues pertaining to corruption of the judicial process.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

    I.    Order an emergency conference to address the aforesaid time-sensitive issues and temporary injunctive relief preventing Defendants from destroying more evidence.

    II.    Order that any judge and/or attorney with conflict of interest as it pertains to affordable housing will be barred from adjudicating these proceedings. Examples include but are not limited to: (a) simultaneously residing in more than one

rent-stabilized/rent-controlled apartment (b) and/or being associated with an income-restricted property (c) moving to modify prior housing records pursuant to Plaintiff submission of incriminating information.

III. Allow other Plaintiffs who have also been unlawfully-rejected from other affordable housing projects, and who have contacted Plaintiff- to join this action.

IV. Any further legal and equitable relief that the Honorable Court deems appropriate and just.

I, hereby affirm under the penalty of perjury that the forgoing is true and accurate to the best of my knowledge and belief.


Respectfully submitted,


Abraham Gross



**EXHIBIT A: APPELLATE DIVISION DELIBRATE SABOTAGE: REFUSE TO UPLOAD THE RECORD FOR TWO MONTHS AND THEN DISMISS THE APPEAL FOR REFUSING TO UPLOAD THE RECORD**

| # | Document | Filed By | Status |
|---|----------|----------|--------|
| 1 | COPY OF NOTICE OF APPEAL WITH PROOF OF FILING / INFORMATIONAL STATEMENT / ORDER OR JDMT APPEALED FROM *Corrected* | Gross, A. (Pro Hac / Pro Se) Filed: 03/17/2020 *Received: 03/23/2020* | **Processed** Confirmation Notice |
| 2 | *** DELETED BY COURT *** | | |
| 3 | *** DELETED BY COURT *** | | |
| 4 | *** DELETED BY COURT *** | | |
| 5 | *** DELETED BY COURT *** | | |
| 6 | *** DELETED BY COURT *** | | |
| 7 | *** DELETED BY COURT *** | | |
| 8 | *** DELETED BY COURT *** | | |
| 9 | APPLICATION FOR INTERIM RELIEF *Corrected* *Dear Hon. Clerk, I pleaded not to delete more files. I explained that due to the coronavirus, I have … show more* | Gross, A. (Pro Hac / Pro Se) Filed: 03/30/2020 *Received: 04/14/2020* | **Processed** Confirmation Notice |
| 10 | *** DELETED BY COURT *** | | |
| 11 | *** DELETED BY COURT *** | | |
| 12 | *** DELETED BY COURT *** | | |
| 13 | *** DELETED BY COURT *** | | |
| 14 | *** DELETED BY COURT *** | | |
| 15 | *** DELETED BY COURT *** | | |
| 16 | *** DELETED BY COURT *** | | |
| 17 | *** DELETED BY COURT *** | | |
| 18 | *** DELETED BY COURT *** | | |
| 19 | *** DELETED BY COURT *** | | |
| 20 | *** DELETED BY COURT *** | | |



29 of about 92

**From:** Janaud J. Miller <jjmiller@nycourts.gov>
**Sent:** Thursday, May 14, 2020 9:57 AM
**To:** Janaud J. Miller <jjmiller@nycourts.gov>
**Subject:** RE: Procedure to obtain an Order to proceed as an Essential Filing -101081/2019

Good Morning,

I hope this email finds you well. It has been brought to my attention that you have not come in to file the Subpoena as yet. Please come down to 60 Centre Street today before 3pm to file your Subpoena. If not, the next available time to process this filing will be Tuesday, May 19th. Be safe and well.

•••

**Avi Gross** <agross2@gmail.com>
to Janaud                                                   Thu, May 14, 9:59 AM

With God's Grace, I hope to make it today. Thank you

•••

**Avi Gross** <agross2@gmail.com>
to Pierre, Janaud                                           Thu, May 14, 2:44 PM

Hi,

Respectfully, I'm on route

| 23 | *** DELETED BY COURT *** | |
| 24 | *** DELETED BY COURT *** | |
| 25 | *** DELETED BY COURT *** | |
| 26 | *** DELETED BY COURT *** | |
| 27 | **APPELLANT'S BRIEF**<br>*Dear Hon. Clerk- if there are issues, please do not just delete. I do not have consistent access to ... show more*<br>↩ **Refile Document** | *Returned For Correction* |
| 28 | **COPY OF COUNTY CLERK CERTIFICATE -**<br>*Dear Hon. Clerk: Please Kindly Upload the Record Sent by the Supreme Court. Thank You.*<br>↩ **Refile Document** | *Returned For Correction* |
| 29 | *** DELETED BY COURT *** | |
| 30 | *** DELETED BY COURT *** | |
| 31 | *** DELETED BY COURT *** | |
| 32 | **AFFIDAVIT -**<br>*Appeal Fee + $0.00 Total Fees $45.00 NOTICE OF MOTION W/SUPPORTING DOCUMENTS INCLUDING EXHIBI ... show more*<br>↩ **Refile Document** | *Returned For Correction* |
| 33 | **NOTE OF ISSUE**<br>*Dear Hon. Clerk: Please Kindly Upload the Record Sent by the Supreme Court, such that I will be give ... show more*<br>↩ **Refile Document** | *Returned For Correction* |
| 34 | **SUPPLEMENTAL RECORD ON APPEAL**<br>*Dear Hon. Clerk, Please Kindly Upload the Record that was sent from the Supreme Court, such that I m ... show more*<br>↩ **Refile Document** | *Returned For Correction* |
| 35 | **STIPULATION -**<br>↩ **Refile Document** | *Returned For Correction* |
| 36 | **COPY OF ADDITIONAL NOTICE OF APPEAL WITH PROOF OF FILING/PREARGUEMENT STATEMENT (ORDER OR JDMT APPEALED** | *Returned For Correction* |

**Appellate Division - 1st Dept**

Comment Added to Case

07/20/2020

**Comment from Court User - Kam Yuen**

IMPORTANT NOTICE: This application, under document #38, is an application for limited interim mandamus and vacating of order, is being presented as appealing from an order dated 5/8/2020, order by Judge John J. Kelly, if this is so, please provide this court with the Notice Appeal and informational statement filed with court of original instance. Also note if this is an appeal of the order noted above, you must initialize to obtain a new case number for this new appeal filed, and file your present application under the new case number once issued by this court. This case number, 2019-04206, is assigned to an appeal with Notice appeal dated 9/16/2019 appealing from an order entered on 8/23/2019 which has been deemed dismissed by this court for failure to perfect. Also note a mandamus request against a supreme court justice is an original processing with this court, and may not be may via an application, and to vacate an order you must file a full motion and not by application. Please contact this office if you have any questions. As a result this application can not be accept or entertained as this time.

**Case Information**

Appeal #: **2019-04206**

Caption: **ABRAHAM GROSS v. THE DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT (HPD) et al**

**Document Information**

Document #: **38**

Document Type: **APPLICATION FOR INTERIM RELIEF**