UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————————————x

ABRAHAM GROSS,

       Plaintiff,

**CIVIL ACTION NO.
20-CV-4340
PLAINTIFF'S
Affirmation
to Honorable
Judges and Friends
of the Court**

     -against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT, LOUISE CARROLL,
ANNA-MARIE HENDRICKSON, MARAGERET BROWN, BABBA HALM,
VICTOR HERNANDEZ, SHATARA PELL, EDWIN LUGO, NIDIA DORMI,
GABRIEL MOMBRUN, HAROLD WEINBERG, NICK LUNDGREN,
SAMANTHA SCHONFELD, JAMES E. JOHNSON, HELEN ROSENTHAL,
BREAKING GROUND, JEANNE-MARIE WILLIAMS, BRENDA ROSEN,
TERRESA PALMIERI, VANESSA CUCURULO, STEPHANIE LABARTA and
TRAVIS FONG.

                Defendants.
———————————————————————————————————x

# PLAINTIFF'S FIRST AFFIRMATION TO 43 HON. MEMBERS THE SOUTHERN DISTRICT IN SUPPORT OF PROTECTING OF THESE PROCEEDINGS FROM UNCONSCIONABLE FRAUD

Abraham Gross
Pro Se Plaintiff
40 W 77 #10C
NY, NY 10024
917 673 1848
agross2@gmail.com

1

# I.   **INTRODUCTION**

1. The following is with humility, respect, limited knowledge, albeit the inexpressible harm endured as result of *this vile injustice* that has made a mockery of human decency, and a litigant's constitutional right to a fair, impartial judiciary.

2. *This injustice* continues to inflict torment on millions of low-income New Yorkers, whose dream for a home is deprived solely due to: (a) racial discrimination (b) embezzlement of public officials entrusted to protect the affordable housing application process (c) indifference or active participation of oversight agencies (d) respectfully, the unbearable corruption of the judicial process ("the Scam").

3. *This injustice is proven* by overwhelming evidence[1] including: (a) thousands of fraudulent transfer deeds (b) the recent indictments issued in connection with the Scam in the Luna Park Affordable Housing Scandal (c) *records of court calendars proving that the culprits corrupted the legal process by pervasively steering cases to*

---

[1] Countless illustrations that have already been substantiated by the Department of Investigations ("DOI") were uploaded to NYSCEF in Appl. Div. 2019-04206 *#9-#39* (although many were also deleted by the Appellate Court Clerk). For a limited overview, kindly see the article on the platform Medium titled "**De Blasio and the Criminal Enterprise Known as NYC Affordable Housing", by A. Gross.**

*favorable judges (d) critically, the horrific, sworn affidavits of whistleblowers who detailed before the Hon. Judge Ramos and the Hon. Judge Annalisa Torress the above-the-law criminal enterprise masterminded without mercy by the Defendants – ostensibly public officials who are supposed to help New Yorkers navigate the affordable housing application process (EXHIBITS A, B of Plaintiff's proper Complaint in case 20-CV-4515).*

4. Since March 01, 2019, or for the past 529 days, as I, Abraham Gross, a law-abiding citizen ("Plaintiff") continue to suffer unspeakable harm, more than a year after qualifying for an single affordable housing apartment for the first time in ten years, Defendants HPD and Breaking Ground ("BG") refuse to show an iota of decency, instead focusing their efforts on destroying and/or altering incriminating evidence.

5. Plaintiff has pleaded with the Honorable Southern District of New York ("Honorable Court") for a brief conference to order that (a) Defendants cease and desist deleting more incriminating information from public records (b) address clear and convincing evidence of Defendants corruption of the judicial process (c)

clarify the full nature and extent of Defendants ex-parte communications with the Honorable Court.

6. This reasonable plea- like so many others- has met the same fate: indifference. By taking no position, the Honorable Court, respectfully, is effectively encouraging Defendants to continue destroying incriminating evidence, continue improperly influencing these proceedings, and continue mocking fairness.

## II.   <u>INDIFFERENCE TO HUMAN SUFFERING</u>

7. It is, respectfully, hard to grasp callous indifference to the Plaintiff being rendered homeless on September 23, 2019, as a direct result of Defendants admitted misconduct, while the last 22 apartments for which he is eligible- even based Defendants narrative- are vacant. Plaintiff is eligible due to the: (a) relaxed guidelines stated by the Defendants (b) lower income criteria (c) as a valid homeless shelter referral, the minimum income criteria is waived.

8. Indifference to extreme suffering is, respectfully, even more challenging considering that the aggrieving decision-makers are public officials who, ostensibly, are mandated to allocate

affordable housing to qualified low-income applicants, as is the Plaintiff.

9. Worse yet, the fact that the very same public officials have admittedly awarded countless income-restricted properties to themselves, family, friends, council members, state and federal judges who adjudicated their proceedings, as well as other privileged parties- fails to make any impression on the judiciary, despite the corroborating evidence  of multiple whistle-blowers who recently swore before the Honorable Court that Defendants are engaging in fraud, embezzlement, and corruption.

10. The criminal activities as they relate to Plaintiff's application are illustrated in detail at NYSCEF in cases Appl. Div 2019-04206, and Sup Crt. 101960/2019.

11. Nor has the unprecedented pandemic that places the homeless population at increased risk, put even a slight dent in the callous wall of indifference and absolute disregard for it is heavily warranted in the interests of justice and human decency.

12. Nor does the fact Defendants reluctantly admitted in effect, in an official press release on May 30, 2020, that 99.9% of the applicant

pool (73,773 out of 74,000 applicants) were rejected from the subject property (Waterline Square), notwithstanding the undisputed fact that Defendants have also awarded a vast number of affordable apartments to egregiously-unqualified candidates.

III.   **ENDORSEMENT OF FRAUD AS PLAINTIFF CONTINUES TO SUFFER SHOULD DISTURB THE JUDICIAL CONSCIENCE**

13. Most notable in the category of new incriminating evidence are Defendants consistent attempts to modify and/or delete incriminating evidence, sent by Plaintiff to opposing counsel, with express request that Defendants should not move to destroy further evidence.

14. While Plaintiff has suffered indescribably for 529 days, the Defendants cynically awarded countless affordable apartments to a flurry of unqualified candidates. No court of law should ever allow this.

15.  Whenever Plaintiff submits a new name of such a resident, Defendants simply move to delete and/or modify incriminating data from public records, alternatively, they ask this resident to leave Waterline Square to one of his other affordable housing lottery apartments. This happened with every single resident that

Plaintiff protested (uploaded to ECF, EXHIBITS of Plaintiff's proper Complaint, case 20-CV-4515).

16. As it happens, all of these unlawful lottery winners had Hispanic last names, further substantiating Plaintiff's racial discirmiantion allegations, as well as  the sworn affidavit of a whistle-blower, who swore HPD's policy is to discriminate against all non-Hispanic applicants.

17. Respectfully, the Defendants who have proven their ability to change incriminating records should not be given the autonomy to continue destroying material evidence.

18.  Plaintiff respectfully seeks to argue in favor of a court order that will prevent Defendants and/or any current resident in Waterline Square from deleting/modifying incriminating housing information without written prior notice to the Hon. Court.

19. Some of these ineligible residents were even stated in Plaintiff's proper Complaint in case number 20-CV-4515 (EXHIBIT C). Without exception, each and every name mentioned responded by attempting to modify/delete incriminating evidence (see examples below). Some of them responded with a two phase

process, in which Waterline Square was completely deleted  from

their records. But did they actually move out?

**MICHAEL ACEVEDO- AFTER**

**MICHAEL ACEVEDO- BEFORE**



WATERLINE SQUARE CURRENT
AFFORDABLE HOUSING
APARTMENT



66 W 94 St
Building Owned By New York City Housing Agencies Since 1973
3521 Dekalb Ave
Entire Building is Rent Stabilized, previously Owned by the
126 W 83: HPD-Affiliated Building, majority of units are rent stabilized



66 W 94 St
Building Owned By New York City Housing Agencies Since 1973
3521 Dekalb Ave
Entire Building is Rent Stabilized, previously Owned by the
126 W 83: HPD-Affiliated Building, majority of units are rent stabilized

## TATYANA MALEDANO – BEFORE



## TATYANA MALEDANO – AFTER



## JASON C RIVERA: BEFORE          JASON C RIVERA: AFTER



## IV.   DEFENDANTS AWARDED 13 AFFORDABLE APARTMENTS TO LOVELY MEAH AND NADIR AHEMD

20.   In another recent discovery of fraud, embezzlement, and corruption, Defendant HPD and their *Oversight and Integrity Unit* awarded thirteen (13) affordable apartments to Lovely Meah and Nadir Ahmed in the Park Chester affordable housing complex. The law is limited to one apartment per person.

21.   Respectfully, how can the judicial conscience sitting in judgement under *In God We Trust* continue endorsing this callous indifference to human suffering during a global pandemic, when by clear and convincing evidence Defendants continue to award Waterline Square apartments to ineligible applicants, as well as thirteen (13) apartments to Lovely Meah and Nadir Ahmed?

22.   Respectfully, is it not just and appropriate, at the very least, for Lovely Meah and Nadir Ahmed to give up one of their 13 apartments, if only during the pandemic?



**89 METROPOLTIAN OVAL IS PART THE PARKCHESTER CONDIMUNIUMS-A MASSIVE AFFORDABLE HOUSING COMPLEX WITH 40,000 RESIDENTS AND 12,000 UNITS.**

---

## AFFIDAVIT OF COMPLIANCE
### WITH SMOKE DETECTOR REQUIREMENT
### FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York          } SS.:
County of Westchester

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

89 METROPOLITAN OVAL
Street Address Unit/Apt.

BRONX          New York,          3937          2243          (the "Premises");
Borough                          Block          Lot

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized.)

Lovely Meah _____          Nadia Ahmed _____
Name of Grantor (Type or Print)          Name of Grantee (Type or Print)

_____          _____
Signature of Grantor          Signature of Grantee

Sworn to before me          Sworn to before me
this 21 day of June 2017          this ___ day of June 20 17
_____          JANET MEGELS
NOTARY PUBLIC STATE OF NEW YORK          NOTARY PUBLIC-STATE OF NEW YORK
No. 01ME6059759          No. 01ME6059758
Qualified in Westchester County          Qualified in Westchester County
My Commission Expires June 17, 2017          My Commission Expires June 17, 2017
These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 8th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

2017062800462101

---

## AFFIDAVIT OF COMPLIANCE
### WITH SMOKE DETECTOR REQUIREMENT
### FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York          } SS.:
County of Bronx

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

89 METROPOLITAN OVAL
Street Address Unit/Apt.

BRONX          New York,          3937          2243          11F          (the "Premises");
Borough                          Block          Lot

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized.)

Nadia Ahmed _____          Lovely J Meah _____
Name of Grantor (Type or Print)          Name of Grantee (Type or Print)

Nadia Ahmed _____          Lovely Meah _____
Signature of Grantor          Signature of Grantee

Sworn to before me          Sworn to before me
this 19 day of October 20 18          this 19 day of October 20 18
_____          _____
NOTARY PUBLIC State or New York          SEAL
No. _____
These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 8th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

## V.   DUE PROCESS INCLUDES THE RIGHT TO AN IMPARTIAL JUDICIARY

23.     Pursuant to the 14th Amendment of the United States Constitution: "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws". An impartial decision maker is also an essential right in civil proceedings[2].

24.     A litigant's fundamental right to due process includes an impartial judge who will apply the law equally and fairly, avoid conduct that gives rise to the appearance of impropriety, and recuse from proceedings where the impartiality could be reasonably questioned[3].

25.     Respectfully, this case case has been steered towards courts with unbearable conflicts of interest as it relates to (a) affordable housing (b) NYC housing agencies, and/or (c) the property developers in the case at bar. For example, some are residing in multiple affordable housing apartments despite being above the max income. Others are residing in numerous rent stabilized apartments simultaneously, in violation of applicable regulations. Others have steered to their court (a) 9 times more city agency cases (b) 8 times more special proceedings (c) 25 times more cases involving pro se litigants than the court average- despite being designated as a trial part, and

---

[2] Goldberg v. Kelly, 397 US 254, 271 (1970).
[3] The New York Bar Judicial Rules of Professional Conduct.

despite admitting that this proceeding should have been assigned to a city part at the onset.

26.    Respectfully, it is offensive to any notion of due process for these proceedings, or these proceedings to be adjudicated by Honorable judges that are violating regulations relating to affordable housing, and/or has business relationships with the very same city agencies and/or with the affordable real-estate developers and their affiliated companies.

## VI.    BRIBERY OF PUBLIC OFFICIALS WITH LUXURY HOUSING IS NOT OK

27. The conduct of Defendant Council member Helen Rosenthal who I came to in official capacity: (a) first, acknowledged that she was aware of Defendants problematic track record of arbitrarily rejecting qualified candidates (b) promised to request the Defendants explain their conclusory numbers inconsistent with the record (c) was a no-show to a scheduled appointment (d) refused to follow up and didn't respond to messages, eventually instructing her Chief of Staff to tell Plaintiff that the best thing would be to go into a shelter (e) refused to explain why she backed out of her commitment to obtain a more detailed explanation from Defendants (f) at the very same time, moved into an off-the-market apartment in the adjacent complex to

Waterline Square- the Ashley # 2404, operated by Defendant

Breaking Ground, owned by the same developer, and without

signing a lease or rental agreement (g) showed extraordinary

inhuman indifference to Plaintiff when he begged her for help,

standing outside her office as the pandemic erupted, and while

she knew very well dozens of apartments were still vacant (h) in

immediate response to Plaintiff's protesting in his complaint this

sickening sequence of events, Ms. Rosenthal promptly moved out

of # 2404, and invested considerable time and effort to modify

further housing records which showed more housing violations.



**Rosenthal- Changes After Protest**



**Before Protest**

### VII.    <u>WHISTLEBLOWER'S HAVE SHARED THE TRUTH</u>

28.    In recent years, credible whistle-blowers within HPD's

affordable housing division have come before the Honorable

Court and provided specific details and supporting evidence

revealing Defendants atrocities as they relate to affordable

housing.

29.    In all such cases, the Defendants rushed to settle these

complaints prior to the discovery. Although prior settlements

cannot prove liability in of itself, it is well-established[4] such

evidence is admissible when it is offered for another purpose,

such as to prove: (1) an existing racial bias (2) credibility of the

decision-maker or witness (3) the decision maker was on notice

to refrain from their prior misconduct or (4) acted in bad faith.

30.    It is also noted that Defendants continue refusing to comply

with the Freedom of Information Law ("FOIL") request asking to

see these settlements[5].

---

[4] *Lyondell Chemical Co. v. Occidental Petroleum Corp. U.S. Court of Appeals, 608 F.3d 284 (5th Cir. 2010  Towerridge Inc. V. T.A.O. Inc.11 F.3d 758, 770 (10th Cir. 1997). United States Vs. Austin 54 F.3d 394, 400 (7th Cir. 1995).*
[5] The precedent established early on in related State-Proceedings is that Defendants are above-the-law. The FOIL was one of many laws that Defendants were entitled to ignore.

31. The plain meaning of the HPD whistle-blowers sworn affidavits is horrific. A corrupt network of high-ranking public housing officials abuse their access to public property as a lucrative criminal, get-rich enterprise that features embezzlement, fraud, corruption, and racial discrimination.

32. As a direct result of these crimes, eligible low-income applicants are deprived of affordable housing. Your Honors, respectfully, these courageous affidavits from insiders should be taken seriously.

33. Respectfully, this isn't a joke. This is the life of a human being that is destroyed in the interests of greed and racial discrimination. Public officials who have corrupted the judicial process to the point they are free to commit unthinkable crimes with the endorsements of favorable courts to which they steer their cases in demand.

34. Most certainly, an Honorable court of law must never be turn into a corruption rubber stamping division, that abuses the extraordinary powers society has given to judges to ratify, support, and protect the Scam at all costs.

35.    Respectfully, not only are these affidavits coming from a credible source from the inside- they substantiate the heart and soul of Plaintiff's allegations, expose the corruption for what it is, and are entirely consistent with the tsunami of incriminating evidence uploaded to NYSCEF/ECF (Appl. Div. 04206-2019), SDNY CV-20- 4515.

36.    For an Honorable court of law to adopt a laissez faire approach to such a pervasive breach of public trust that is resulting in unconscionable pain, suffering, and harm is comparable to tossing everything sacred about the U.S. constitution into a blaze of fire.

37. Every day, new incriminating evidence emerges that further substantiates the veracity of Plaintiff's allegations. This evidence also further substantiates the sworn affidavits of recent HPD whistle-blowers.

38.    Moreover, the essence of the incriminating evidence was submitted and substantiated by law enforcement. Nonetheless, Plaintiff is forced to observe in horror as law enforcement acknowledges the criminal actions, but at the same time- refuses to intervene.

39.     For whatever it is worth , 2021 is an election year in NYC. And

for public officials with criminal tendencies this means it is time

to up the ante of egregiousness. An Honorable court of law cannot

accept this.

40.     This reaction from law enforcement- acknowledgment of

criminality coupled by an coordinated attempt to downplay the

significance of these heinous crimes - is great news for

Defendants.

41. This is exactly the news they were given in prior

State-proceedings at every turn: aggrieve whoever you desire,

grant apartments to whoever you desire, skip the log book, refuse

to show the log book, discriminate as much you like against

non-Hispanic applicants, violate court orders, render the law

hollow, disregard statutory provisions- whatever you do, the

court will find ways to protect your crimes.

42.     Pursuant to this endorsement, it is crystal clear that

Defendants are increasingly empowered by the belief their

criminal enterprise will continue enjoying the protection of the

courts- no matter how egregious or inhuman it is proven by objective evidence.

## VIII.    <u>CONCLUSION</u>

43.    Respectfully, the catastrophic effects of public corruption motivated by a racially-discriminatory bias and insatiable greed, and the unbearable corruption of the judicial process go well-beyond Plaintiff's personal nightmare. At the very least, an emergency hearing is called for.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for relief as follows:

I.    May the Honorable Judges of integrity at the Honorable Court respectfully glance at the overwhelming evidence that the affordable housing process is a shameful, multi-billion dollar fraud.

II.    May the Honorable Judges please glance at the overwhelming evidence, the Defendants have managed to corrupt the judicial process, by steering cases to favorable courts, and granting certain judges property interests which call into question the court's impartiality.

III.   May the Honorable Judges please use their discretionary authority to ensure that Plaintiff will be entitled to a fair, impartial judiciary, and that any attorney of Hon. Judge that is in violation of NYC housing laws, has been awarded free housing from city agencies, or has business relationships with the developers of affordable housing and/or city agencies- will be forced to recuse themselves, such that this proceeding be transferred to another part.

IV.   May the Honorable Judges please use discretionary authority to see the merits of granting Plaintiff and Defendants a limited conference on an emergency basis, considering the inhuman suffering, and substantial newly-discovered evidence.

V.    May the Honorable Judges please grant limited humanitarian relief to escape the inhuman and unjustified suffering, before Defendants fraud claims victory, based on the merits and the compelling evidence of an inexpressible misscarriage of justice.

VI.     May the Honorable Judges Any further legal and equitable

         relief that the Honorable Court deems appropriate and just.

I, hereby affirm under the penalty of perjury that the forgoing is

true and accurate to the best of my knowledge and belief.


Respectfully submitted,

Abraham Gross

# EXHIBIT A
# RECENT ILLUSTRATION OF SABOTAGE AND CORRUPTION IN STATE PROCEEDINGS

Honorable Appellate Division Clerk's Office

Supreme Court of New York County

Appellate Division, First Department

27 MADISON AVE

NY, NY 10010

## **Re: The Sabotage of a Pro Se Litigant's Appeal and Continual Deprivation of Constitutional Rights**

Dear Honorable Clerk,

1. Respectfully, there are no words to express how unfair, abusive, and egregious it was to unilaterally dismiss the appeal in case number 2019-04206.

2. During the pandemic, I, the Appellant, obtained special authorization to obtain the record from the Supreme Court. This by no means was easy.

3. As the Clerk's Office is well-aware, I needed the record to be uploaded as a prerequisite to perfect the appeal, and such that I could submit a brief.

4. The record was required and confirmed by subpoena signed by the Hon. Chief Admin. Judge to have been delivered and or about May 20, 2020.

5. From May 20, 2020-July 20, 2020, I was forced to perform a cruel and unusual task: beg the Clerk's Office to simply upload the record.

6. When this simple task was ignored, I asked to understand what the issue was preventing the Clerk's Office from doing what any human being would hope for them in that situation.

7. For two months, the Clerk's Office refused to upload the record or provide any explanation why.

8. Then, the Clerk's Office casually informs all parties that the appeal has been dismissed for failure to perfect. There is no ORDER of dismissal posted, just a casual, *we dismissed the appeal.*

9. Respectfully, why does the Clerk's Office feel entitled from a moral and/or legal standpoint to repeatedly sabotage the appeal of a pro se litigant? In this most recent example- by refusing to upload the record, and then, dismissing the appeal for failure to upload the record.

10. Respectfully, is that an honorable way for a court mandated to provide equal protection under the law to operate? This conduct, respectfully, is inhuman, cruel and unusual.

11. This decision is even more unbearable due to exacerbating factors, namely (a) the Clerk's Office declaring their personal contempt for Appellant and

other pro se litigants (b) the malicious measures taken with the clear intention of damaging Appellant, and which should never see daylight in a court of law (c) the Clerk's Office is well-aware of how much Appellant is suffering, and what was at stake in this appeal (d) the pandemic (e) personal conflicts of interest pertaining to public and low income housing.

12.   Furthemore, respectfully, if the appeal was dismissed, then why was the order of dismissal not uploaded such that Appellant could at least propest the carnage of due process to the Court of Appeals?

13.   Respectfully, no human being on this earth- should ever be subjected to a blatant violation of basic human decency in an honorable court of law.

In the interests of justice, due process, and human decency, I respectfully ask that the Clerk Office:

(a) Upload the record that was delivered by court subpoena on May 20, 2020, today, August 6, 2020.

(b)   Provide an honest explanation as to why this action was endorsed.

(c) Reinstate the appeal.

(d)   Refrain from taking further saboteur measures and allow for the appeal to be decided on the merits.

Respectfully Submitted,

| # | Document | Filed By | Status |
|---|----------|----------|--------|
| 1 | COPY OF NOTICE OF APPEAL WITH PROOF OF FILING / INFORMATIONAL STATEMENT / ORDER OR JDMT APPEALED FROM *Corrected* | Gross, A. (Pro Hac / Pro Se) Filed: 03/17/2020 *Received: 03/23/2020* | **Processed** Confirmation Notice |
| 2 | *** DELETED BY COURT *** | | |
| 3 | *** DELETED BY COURT *** | | |
| 4 | *** DELETED BY COURT *** | | |
| 5 | *** DELETED BY COURT *** | | |
| 6 | *** DELETED BY COURT *** | | |
| 7 | *** DELETED BY COURT *** | | |
| 8 | *** DELETED BY COURT *** | | |
| 9 | APPLICATION FOR INTERIM RELIEF *Corrected* *Dear Hon. Clerk,I pleaded not to delete more files. I explained that due to the coronavirus, I have … show more* | Gross, A. (Pro Hac / Pro Se) Filed: 03/30/2020 *Received: 04/14/2020* | **Processed** Confirmation Notice |
| 10 | *** DELETED BY COURT *** | | |
| 11 | *** DELETED BY COURT *** | | |
| 12 | *** DELETED BY COURT *** | | |
| 13 | *** DELETED BY COURT *** | | |
| 14 | *** DELETED BY COURT *** | | |
| 15 | *** DELETED BY COURT *** | | |
| 16 | *** DELETED BY COURT *** | | |
| 17 | *** DELETED BY COURT *** | | |
| 18 | *** DELETED BY COURT *** | | |
| 19 | *** DELETED BY COURT *** | | |
| 20 | *** DELETED BY COURT *** | | |



| 23 | *** DELETED BY COURT *** | Deleted | Deleted |
| 24 | *** DELETED BY COURT *** | Deleted | Deleted |
| 25 | *** DELETED BY COURT *** | Deleted | Deleted |
| 26 | *** DELETED BY COURT *** | Deleted | Deleted |

**27   APPELLANT'S BRIEF**
*Dear Hon. Clerk- if there are issues, please do not just delete. I do not have consistent access to ... show more*
**Refile Document**    *Returned For Correction*

**28   COPY OF COUNTY CLERK CERTIFICATE -**
*Dear Hon. Clerk: Please Kindly Upload the Record Sent by the Supreme Court. Thank You.*
**Refile Document**    *Returned For Correction*

| 29 | *** DELETED BY COURT *** | Deleted | Deleted |
| 30 | *** DELETED BY COURT *** | Deleted | Deleted |
| 31 | *** DELETED BY COURT *** | Deleted | Deleted |

**32   AFFIDAVIT -**
*Appeal Fee + $0.00 Total Fees $45.00 NOTICE OF MOTION W/SUPPORTING DOCUMENTS INCLUDING EXHIBI ... show more*
**Refile Document**    *Returned For Correction*

**33   NOTE OF ISSUE**
*Dear Hon. Clerk: Please Kindly Upload the Record Sent by the Supreme Court, such that I will be give ... show more*
**Refile Document**    *Returned For Correction*

**34   SUPPLEMENTAL RECORD ON APPEAL**
*Dear Hon. Clerk, Please Kindly Upload the Record that was sent from the Supreme Court, such that I m ... show more*    *Returned For Correction*



29 of about 92

**From:** Janaud J. Miller <jjmiller@nycourts.gov>
**Sent:** Thursday, May 14, 2020 9:57 AM
**To:** Janaud J. Miller <jjmiller@nycourts.gov>
**Subject:** RE: Procedure to obtain an Order to proceed as an Essential Filing -101081/2019

Good Morning,

I hope this email finds you well. It has been brought to my attention that you have not come in to file the Subpoena as yet. Please come down to 60 Centre Street today before 3pm to file your Subpoena. If not, the next available time to process this filing will be Tuesday, May 19th. Be safe and well.

• • •

**Avi Gross** <agross2@gmail.com>
to Janaud ▾

Thu, May 14, 9:59 AM

With God's Grace, I hope to make it today. Thank you

• • •

**Avi Gross** <agross2@gmail.com>
to Pierre, Janaud ▾

Thu, May 14, 2:44 PM

Hi,

Respectfully, I'm on route

- against -

**JUDICIAL SUBPOENA**
**DUCES TECUM**

HPP, Breaking aRenal, et al
_____
                              Defendants.

The People of the State of New York

To:    **The New York County Clerk** at 60 Centre Street, New York, New York 10007

**WE COMMAND YOU,** that all business and excuses being laid aside, you appear and attend before the Appellate Division, First Department at 27 Madison Avenue, New York, New York 10010 on the 20 day of _____May_____ at 9 o'clock in the fore noon, and at any recessed or adjourned date to give testimony in this action on the part of the _____plaintiff_____ and that you bring with you, and produce at the time and place aforesaid, a certain:

Exhibits
File for Index No 101 082/2019

now in your custody, and all other deeds, evidences and writings, which you have in your custody or power, concerning the premises.  Personal appearance is not required.

Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed one hundred and fifty ($150) dollars and damages sustained by reason of your failure to comply.

WITNESS, Honorable _____
                                                            **J.S.C.**
of said Court, at 60 Centre St  on the 14 day of May 2020

MAY 1 4 2020 SO ORDERED:

DEBORAH A. KAPLAN
_____

Abraham Gross,

Aggrieved Pro Se Litigant



**Appellate Division - 1st Dept**

Comment Added to Case

07/20/2020

**Comment from Court User - Kam Yuen**

IMPORTANT NOTICE: This application, under document #38, is an application for limited interim mandamus and vacating of order, is being presented as appealing from an order dated 5/8/2020, order by Judge John J. Kelly, if this is so, please provide this court with the Notice Appeal and informational statement filed with court of original instance. Also note if this is an appeal of the order noted above, you must initialize to obtain a new case number for this new appeal filed, and file your present application under the new case number once issued by this court. This case number, 2019-04206, is assigned to an appeal with Notice appeal dated 9/16/2019 appealing from an order entered on 8/23/2019 which has been deemed dismissed by this court for failure to perfect. Also note a mandamus request against a supreme court justice is an original processing with this court, and may not be may via an application, and to vacate an order you must file a full motion and not by application. Please contact this office if you have any questions. As a result this application can not be accept or entertained as this time.

**Case Information**

Appeal #: **2019-04206**

Caption: **ABRAHAM GROSS v. THE DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT (HPD) et al**

**Document Information**

Document #: **38**

Document Type: **APPLICATION FOR INTERIM RELIEF**