UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

Abraham Gross, Netty Gross

                       Plaintiff(s),

   -against-

The City of New York et. al

                       Defendant(s).

-------------------------------------------------------------------

20 CIV. NO. 4240-GBD-RWL

**[Proposed] Civil Case Management Plan and Scheduling Order**

      The parties submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

1. **Meet and Confer:** The parties, without Netty Gross, met and conferred pursuant to Fed. R. Civ. P.16(c) and 26(f) on September 10, 2020 and September 29, 2020. The amended complaint filed on September 28, 2020 purports to add Netty Gross as a plaintiff.[1] Netty Gross is not available to confer at this time.

2. **Alternative Dispute Resolution / Settlement:**

   a.   Settlement discussions have ☐ / have not ☒ taken place.[2]

   b.   The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

       No exchange of information has been agreed on at this time. Plaintiff has stated an intent to file additional exhibits that are referenced in the complaint.

   c.   The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the

---

[1] The amended complaint adds a plaintiff, Netty Gross, who has not signed the complaint or participated in communications between the parties. The complaint also references numerous exhibits that did not fit within the maximum permissible file size and plaintiff states an intention to seek permission to upload these exhibits. For these reasons, many aspects of the plan cannot be productively discussed at this time and are marked "to be determined."

[2] At the meet and confer that took place September 10, 2020, parties began discussions about settlement however now with the addition of Netty Gross, all parties have not been able discuss with her possible settlement.

        Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

        At the September 10, 2020 conference the parties agreed to a settlement conference, however with the addition of Netty Gross, all parties have not come to an agreement on an alternate dispute resolution mechanism. Plaintiff has requested and obtained an expedited conference date to discuss his concerns with the Court.

   d.   The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

        Parties recommend a settlement conference after the deposition of the plaintiffs.

   e.   The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**3.**    **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

<u>Plaintiff(s)</u>:

The amended complaint alleges causes of action under: the Racketeer Influenced and Corrupt Organizations Act ("RICO"); Section 1981 of the Civil Rights Act; the Fair Housing Act; the New York State Constitution, the United States Constitution, the New York State and New York City Human Rights Laws, as well as an Executive Order.

<u>Defendant(s)</u>:

Defendants are still reviewing the amended complaint filed on September 28, 2020, which references numerous exhibits that plaintiffs have not been able to upload yet. Defendants' time to answer, move or otherwise respond to the Amended Complaint has yet to expire; however, anticipated defenses include res judicata and collateral estoppel based on factual findings made and orders issued in the Supreme Court of the State of New York as well as failure to state a cause of action. Further, the extent the Amended Complaint attempts to assert criminal charges under RICO, Plaintiffs have no authority to pursue those purported charges as only a criminal proceeding may only be initiated by the government.

**4.**    **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

The amended complaint asserts questions of federal law.

**5.**    **Subjects on Which Discovery May Be Needed:**

Plaintiff(s):

See separate CMP to be filed by plaintiff.

Defendant(s):

Defendants anticipate filing a motion to dismiss Plaintiffs' Amended Complaint on several grounds including that Plaintiffs fail to state a cause of action upon which relief can be granted. Accordingly, Defendants maintain that the scope of discovery will be impacted based on whether the Court grants any Defendant(s) motion in whole or in part. Defendants anticipate requesting a stay of discovery during the pendency of their anticipated motions.

6. **Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than** within thirty (30) days after the responsive pleading or motion is filed.

7. **Amended Pleadings:**

   a. No additional parties may be joined after 10/15/20, without consent or leave of Court.

   b. No amended pleadings may be filed after 11/10/20, without consent or leave of Court.

8. **Fact Discovery:**

   a. All fact discovery shall be completed by April 12, 2021.

   b. Initial requests for production were/will be served by February 26, 2021. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

   c. Initial interrogatories shall be served by February 26, 2021. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

   d. Depositions shall be completed by April 12, 2021.

   e. Requests to admit shall be served by April 19, 2021.

   f. The parties propose the following limits on discovery:

TBD

g. Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery.

h. The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

9. **Expert Discovery (if applicable):**

   a. The parties do [X] / do not [ ] anticipate using testifying experts.

   b. Anticipated areas of expertise:

   Plaintiff anticipates identifying experts in the field of cyber security and handwriting analysis. Defendants do not anticipate calling any expert witnesses with the exception of identifying rebuttal experts.

   c. Expert discovery shall be completed by June 11, 2021.

   d. By February 15, 2021, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

   e. The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

10. **Electronic Discovery and Preservation of Documents and Information:** (If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at: https://nysd.uscourts.gov/hon-robert-w-lehrburger.

    a. The parties have [ ] / have not [X] discussed electronic discovery.

    b. If applicable, the parties shall have a protocol for electronic discovery in place by February 26, 2021.

    c.    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

11. **Anticipated Motions (other than summary judgment, if any):**

    Defendants anticipate motions to dismiss pursuant to Rule 12(b)(6) as well as on the grounds of res judicata and collateral estoppel. Defendants anticipate a motion to stay discovery during the pendency of the anticipated motions to dismiss.

12. **Summary Judgment Motions:** No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

    If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre- motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

    Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

13. **Pretrial Submissions**: The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

14. **Trial:**

    a.    All parties do [ ] / do not [X] consent to a trial before a Magistrate Judge at this time.

    b.    The case is [ ] / is not [ ] to be tried to a jury.

    c.    The parties anticipate that the trial of this case will require ___ days.

15. **Other Matters the Parties Wish to Address (if any):**

    Defendants would like to discuss the status of Ms. Netty Gross as a plaintiff as Mr. Gross has advised that Ms. Gross cannot speak or write, and is not represented by counsel, we would like to understand her status as a plaintiff in this action. Additionally, Plaintiff Abraham Gross has indicated that he would likely be adding

two additional defendants, Defendants would like a date for such amended complaint.

16. The Court will fill in the following:

A status conference will be held before the undersigned on _____ at ___.m. in Courtroom 18D, 500 Pearl Street.

The parties shall submit a joint status letter every _____ days and shall also inform the Court at the time the parties believe a settlement conference would be fruitful.

Dated:                                                                               SO ORDERED.

_____

ROBERT W. LEHRBURGER
United States Magistrate Judge

PLAINTIFF(S)  
__**FILING SEPARATE PLAN**__  
Plaintiff's name or Attorney Name

_____

Address_____  
Tel:_____  
Email:_____

DEFENDANT JEANNE-MARIE WILLIAMS  
_____  
Jeanne-Marie Williams

Kellner Herlihy Getty & Friedman, LLP  
Address 470 Park Ave S. FL. 7N,  
New York, NY 10016  
Tel:  212-889-212  
Email: jmw@khgflaw.com

PLAINTIFF(S)  
_____  
Plaintiff's name or Attorney Name

_____

Address_____  
Tel:_____  
Email:_____

BREAKING GROUND DEFENDANTS  
       /**S**/  
_____

Laura B. Juffa  
Attorney Name

 Kaufman Borgeest & Ryan LLP  
Address 120 Broadway, 14th Floor  
New York. New York 10271  
Tel: 212-980-9600  
Email: ljuffa@kbrlaw.com

CITY DEFENDANTS  
        /**S**/  
_____

Jasmine Paul  
Attorney Name

James E. Johnson Corporation Counsel of the City of New York  
Address 100 Church Street, Rm 5-182  
New York, New York 10007  
Tel: 212-256-2192  
Email:jpaul@law.nyc.gov